RICHARD G. MCCRACKEN SBN 2748
ANDREW J. KAHN, SBN 3751
PAUL L. MORE, SBN 9628
McCRACKEN STEMERMAN & HOLSBERRY
1630 S. Commerce St.
Las Vegas, NV 89101
Telephone:   (702) 386-5132
Fax:              (415) 597-7201
Email:          rmccracken@dcbsf.com
                    ajk@dcbsf.com
                    pmore@dcbsf.com

*Attorneys for Plaintiffs*

DAVID ROGER
General Counsel
Las Vegas Police Protective Association
9330 W. Lake Mead Blvd. Ste. 200
Las Vegas, NV 89134
Tel:  (702) 384-8692 ext. 204
Email:  DRoger@LVPPA.com

*Attorneys for Plaintiff LVPPA*

JAY ROBERTS
General Counsel
Las Vegas Metro Police Managers &
   Supervisors Association
801 S. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106
Tel:  702-309-7675
Office: 702-384-2924, x23
Fax: 702-384-3024
Email:  jayr@lvpmsa.org

*Attorneys for Plaintiff PMSA*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS POLICE PROTECTIVE ASSOCIATION METRO INC.; LAS VEGAS METRO POLICE MANAGERS & SUPERVISORS ASSOCIATION,<br><br>                    Plaintiffs,<br>     vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT;<br><br>                    Defendant. | **CASE NO.  2:15-cv-01928-LDG-CWH**<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>42 USC 1983; 28 USC 2201 |

1

Plaintiffs allege:

## NATURE OF ACTION

1. This is an action challenging the constitutionality under the First Amendment of the new Nevada statute (SB 241) which prohibits local governments from allowing employees any paid leave to serve as representatives of employee organizations. The Legislature does not prohibit paid leaves to work against labor organizations, nor to advocate for nonlabor groups. The Legislature's purported concern over public spending on advocacy also has not led it to restrict local government spending on lobbying (which amounted to over $3.3 million in the most recent year). This statute represents viewpoint discrimination in violation of the First Amendment freedoms of speech and association and the Equal Protection Clause.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 42 USC §1983 and 28 USC §§1331, 1343, 1367 and 2201.

3. Venue is proper in this District pursuant to 28 USC §1391(b) because the events giving rise to this claim arose within this district.

## INTRADISTRICT ASSIGNMENT

4. This action arises within Clark County.

## FACTS

5. Plaintiffs are local government employee organizations which for many years have represented various employees in the Las Vegas Metropolitan Police Department ("Metro"). For many years Plaintiffs and Metro have had provisions in their collective bargaining agreements by which employees elected or designated as union officials have paid leave in order to engage in speech and association in the forms of advocating for members before government officials, learning from members about their concerns and problems, and informing and counseling members, all without the union directly reimbursing Metro for these expenditures.

6. Defendant Metro is a local government employer within the meaning of NRS Chapter 288.

7. In response to a proposal from the anti-union American Legislative Exchange Council (ALEC), in 2015 the Nevada Legislature adopted SB 241 providing in Section 1 as follows: "A local government employer may agree to provide leave to any of its employees for time spent by the employee in performing duties or providing services for an employee organization if the full cost of such leave is paid or reimbursed by the employee organization or is offset by the value of concessions made by the employee organization in the negotiation of an agreement with the local government employer pursuant to this chapter." This goes into effect June 1, 2015 or upon expiration of the labor agreement in effect on such date, whichever is later.

8. Plaintiffs were advised by Defendant that when their current collective bargaining agreements expire, as a result of SB 241 Defendant would not allow Plaintiffs' officials to have paid leave to carry out their functions as union officers absent reimbursement. Plaintiffs' agreements are to expire July 1, 2016.

9. As a result of SB 241 and Defendant's conduct, Plaintiffs are threatened with irreparable harms from the reduction in their advocacy for and communications with their members and prospective members, as without paid leave the unions' officers face being fired if they tried to spend as much time working for and with employees as they have been spending up until now, and if Plaintiff Associations reimburse Metro for such leave they have less money to spend on their other advocacy and associational activities, and thus have to curtail such activities. As a result of SB 241 and Defendant's conduct, Plaintiffs will lose revenues from the reduction in their organizational activities, but calculating the amounts thereof would be extraordinarily difficult and burdensome for the Court and parties, and would require a multiplicity of damages suits to recover.

### FIRST CAUSE OF ACTION: VIOLATIONS OF FIRST AND FOURTEENTH AMENDMENTS, 42 USC §1983

10. Plaintiffs incorporate herein the foregoing allegations.

11. Defendant is acting under color of state law in seeking to apply SB 241 to keep Plaintiffs' officials from having paid leave to advocate for union members.

12. SB 241's selective ban on local public spending on employee advocacy for

unions, but not advocacy against unions nor advocacy for other organizations, is unconstitutional as viewpoint discrimination under the First and Fourteenth Amendments, as no compelling state interest exists to support such selective ban while ignoring all other forms of state and local government spending on advocacy.  Such spending includes Metro providing paid leaves within the past several years to work for the following groups: Nevada Chiefs and Sheriffs Associations; Police Athletic League; minority police associations; DARE; and crisis intervention groups. Such spending by local agencies also includes over $3.3 million spent on lobbying in Carson City in 2015 and over $3.0 million in 2013 admitted in their reports to the State Department of Finance. The State provides paid leave to state employee representatives (NAC 284.589(6)), yet the Legislature also left them untouched. The Legislature has done nothing to bar government spending on leaves to advocate <u>against</u> public employee organizations, only spending on leaves to advocate <u>for</u> such organizations.

   13. Paid leave for public employee union representatives serves important public purposes such as: (a) in the case of the Plaintiffs and many other organizations, handling benefit administration functions that for many other employers are handled by the employer itself or an outside trust; (b) by having union officials be more familiar with the employer's current conditions than someone hired from the outside, (c) allowing an agency and its employee representatives to conduct the meetings required by their relationship during the normal workday so the parties are not required to meet after hours and as a result end up working excessive hours, and (d) allowing meetings to occur immediately after a problem occurs on the job and at a time and place where union representatives can directly observe conditions rather than having to occur long after the fact and away from the worksite because the representative was instead required at the time of the events to be on duty at the agency.  Employee organizations serve the valuable public purposes of reducing government problems in recruitment and retention of public employees and morale problems by gathering information from workers and the community and providing it to government officials, and by communicating information to workers.  Now those valuable communications are being defunded if (and only if) engaged in by unions, not by

others. No compelling state interest exists to ban local governments from granting paid leave for government employee union activities.

14. Section 1 of SB 241 violates the First and Fourteenth Amendments to the U.S. Constitution both on its face and as applied herein, and accordingly violates 42 U.S.C. § 1983 and is void and unenforceable.

15. An unconstitutional statute cannot be used by Defendant for any purpose, even purposes which would not be unconstitutional if approved by the Legislature: see *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760 (1995)(Scalia, J. conc.): "a law repugnant to the Constitution 'is void, and is as no law,' *Ex parte Siebold*, 100 U.S. 371, 376 (1880). *** since it [a statute] was unconstitutional it 'was . . . as inoperative as if it had never been passed,' *Chicago, I. & L. R. Co. v. Hackett*, 228 U.S. 559, 566 (1913)."

16. Plaintiffs and their members have no adequate remedy at law, as their most basic injuries – the harms to their speech and associational rights—are irreparable.

17. Plaintiffs are also threatened with economic damages but Defendant and the State will no doubt contend they are immune from monetary liability, also making such damages also irreparable. Such damages will also be also be continuing in nature which would require a multiplicity of damages actions to address, and the amounts of such damages would be inordinately-burdensome to calculate.

18. There is a live controversy between Plaintiffs and Defendant as to the enforceability of Section 1 of SB 241, warranting declaratory relief from the Court.

WHEREFORE, Plaintiffs pray as set forth below.

**SECOND CAUSE OF ACTION: VIOLATION OF ASSOCIATIONAL FREEDOM**

19. Plaintiffs incorporate herein the foregoing allegations.

20. SB 241 violates the rights of Plaintiffs and their members to associate as protected by the First and Fourteenth Amendments to the U.S. Constitution.

21. SB 241 and its implementation by Metro has caused and will cause irreparable harms to Plaintiffs and their members.

WHEREFORE, Plaintiffs pray as set forth below.

## THIRD CAUSE OF ACTION: VIOLATION OF EQUAL PROTECTION

22. Plaintiffs incorporate herein the foregoing allegations.

23. SB 241 violates the rights of Plaintiffs and their members to Equal Protection under the Fourteenth Amendment to the U.S. Constitution.

24. SB 241 and its implementation by Metro has caused and will cause irreparable harms to Plaintiffs and their members.

WHEREFORE, Plaintiffs pray:

1. For a temporary restraining order and preliminary injunction against Defendant Metro from refusing to continue in effect the paid leave policies in its prior or existing collective bargaining agreements pending further Court orders; and for a permanent injunction against Metro relying in any way on Section 1 of SB 241;

2. For declaratory relief holding Section 1 of SB 241 to be unconstitutional on its face and as applied to Plaintiffs and their members, and to be legally void and invalid;

3. For an award of attorneys' fees pursuant to 42 USC §1988;

4. For Plaintiffs' costs of suit herein;

5. If Defendant's withdrawal of paid leave is not preliminarily enjoined, then for Plaintiffs' damages in amounts to be shown at trial;

// //

// //

// //

// //

// //

6. For such other and further relief as the Court deems just and proper.

Dated: October 8, 2015                McCRACKEN STEMERMAN & HOLSBERRY

By: */s/ Andrew J. Kahn*
 Andrew J. Kahn
 *Attorneys for Plaintiffs*


DAVID ROGER
General Counsel
Las Vegas Police Protective Association
9330 W. Lake Mead Blvd. Ste. 200
Las Vegas, NV 89134

*Attorneys for Plaintiff*
Las Vegas Police Protective Association Metro Inc.


JAY ROBERTS
General Counsel
Las Vegas Metro Police Managers & Supervisors Association
801 S. Rancho Drive, Suite A-1
Las Vegas, Nevada 89106

*Attorneys for Plaintiff*
Las Vegas Metro Police Managers & Supervisors Association