Richard G. McCracken SBN 2748
Andrew J. Kahn, SBN 3751
Paul L. More, SBN 9628
McCRACKEN STEMERMAN & HOLSBERRY
1630 S. Commerce St.
Las Vegas, NV 89101
Telephone:   (702) 386-5132
Fax:              (415) 597-7201
Email:           rmccracken@dcbsf.com
                     ajk@dcbsf.com
                     pmore@dcbsf.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS POLICE PROTECTIVE ASSOCIATION METRO INC.; LAS VEGAS METRO POLICE MANAGERS & SUPERVISORS ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; <br><br> Defendant. | CASE NO. 2:15-CV-01928-LDG-CWH <br><br> **DECLARATION OF MIKE RAMIREZ IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

I, MIKE RAMIREZ, declare:

1. I am a commissioned Police Officer employed by the Las Vegas Metropolitan Police Department ("LVMPD" or "Department"). Presently, I am assigned to the Las Vegas Police Protective Association ("PPA") and work as the Assistant Executive Director. In that capacity, I am privy to the business affairs of PPA and am familiar with the financial affairs of the Association.

2. Having reviewed the Department's Opposition to our Motion for Preliminary Injunction, I offer the following declaration.

1

3. The Department suggests that PPA may operate effectively, in representing our members, by hiring retired police officers and additional lawyers. Such a change will drastically change the quality of representation we offer our members. As commissioned officers, our representatives must stay current in policy, tactics and training to maintain their certification with the State of Nevada and LVMPD. Our representatives are extremely knowledgeable about all facets of police work and provide superior representation for our members.

4. Conversely, retired officers are no longer peace officers and are not required to remain certified as peace officers. Additionally, retired officers are not subject to mandatory training in policy and procedure. Retired officers cannot possibly provide the same quality of representation our members receive from our Board members.

5. With due respect to our General Counsel, former District Attorney David Roger, he has never been a police officer and cannot offer the same insight that our representatives provide to our members concerning police tactics and procedure. Additionally, although Mr. Roger responds to shooting and critical incident scenes, our representatives accompany him. It is very unlikely that the Department would allow Mr. Roger or any other attorney unfettered access to shooting scenes. In fact, Mr. Roger must wear visitor identification and be escorted by department personnel when he enters LVMPD facilities.

6. The Department's suggestion that we hire additional lawyers is not a feasible option. Mr. Roger, who is associated with an outside law firm, bills his private clients $550.00 per hour. Mr. Roger works close to forty (40) hours per week for us and responds to a majority of our shootings and critical incidents. We pay a mere fraction of the rate Mr. Roger charges private clients. With that in mind, we do not believe our members can receive the representation they deserve by retaining less experienced and cheaper lawyers. Hiring lesser attorneys is not an option for our Association.

7. What is lost in the discussion is that our representatives are committed to our members, work extremely hard and carry significant caseloads. NRS Chapter 289, commonly known as the Peace Officers' Bill of Rights, allows both witness officers and subject

2

officers the right to two (2) representatives. Because of the number of Internal Affair investigations initiated each year, we are not able to provide multiple representatives to our members. It is very unlikely we could pay a retired officer enough to handle the caseload our representatives handle. Likewise, our Association could not afford to hire enough civilians to competently fulfill our obligation to our members.

8. As highlighted by the Department, our collective bargaining agreement expires on June 30, 2016. It is imperative that we receive a decision on this issue before we before we begin negotiations. If the court concludes that SB 241 is constitutional, our negotiations will be protracted, as we will have to resolve issues involving the value of our positions, whether we have previously made concessions for our leave, and whether new concessions are necessary. If the Department maintains its posture that our Association must pay cash, litigation in a different forum will be necessary.

9. In addition to our regular responsibilities, our representatives lobby local, state and federal officials concerning issues important to our membership. On a local level, we regularly interact with our County Commissioners addressing our collective bargaining issues. With regard to the legislature, we dispatch a lobbyist to Carson City to work full time to ensure that our voice is heard in reference to collective bargaining, pension reform and the Peace Officer's Bill of Rights. Nationally, we are members of a national organization that lobbies on Capital Hill for law enforcement issues. Obviously, if SB 241 is deemed constitutional, our voice on political issues will not be heard.

10. PPA also plays a role in helping political candidates win elections. PPA joins with other local and state law enforcement associations to interview and endorse candidates in all state and federal elections. If PPA is forced to hire retired officers, it is likely our political action committee will be disbanded.

11. During the last legislative session, I was one of the lobbyists who participated in hearings concerning SB 241. I did not have the benefit of interacting with the Legislative Council Bureau nor did I have legal counsel at my side as the bill passed through the legislature. I did not think, for a moment, that the department would take the position that association

3

leave time was not a subject of mandatory bargaining. It never crossed my mind that the Department would claim to have sole discretion to allow union leave time or decide unilaterally whether to accept cash or concessions to satisfy the statute. I believed then that the Department would be open to acknowledging the past concessions, made by PPA during contract negotiations, that paid for the Association time stipulated in our present agreement.

12. Finally, I am familiar with our Association's financial status and can represent that we are able to pay for reasonable damages if an injunction is improperly granted. Therefore, I respectfully request that the Court waive any bond requirement.

I declare under penalty of perjury of the laws of the United States and Nevada that the foregoing is true and correct. Executed this _10_ day of November 2015.

_____
MIKE RAMIREZ

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal and a Notice of Electronic Filing was electronically transmitted from the court to the e-mail addresses on file.

/s/ Joyce Archain