# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAS VEGAS POLICE PROTECTIVE ASSOCIATION METRO INC., *et al*.,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

    Defendant.

Case No. 2:15-cv-01928-LDG (CWH)

**ORDER**

In 2015, the Nevada Legislature adopted, and the Governor approved, SB 241. Pursuant to SB 241, Chapter 288 of the Nevada Revised Statutes was amended to add the following new section:

> A local government employer may agree to provide leave to any of its employees for time spent by the employee in performing duties or providing services for an employee organization if the full cost of such leave is paid or reimbursed by the employee organization or is offset by the value of concessions made by the employee organization in the negotiation of an agreement with the local government employer pursuant to this chapter.

NRS 288.225.

The plaintiffs, the Las Vegas Police Protective Association Metro Inc. and the Las Vegas Metro Police Managers & Supervisors Association (the Associations), are employee

organizations representing various employees of the defendant, the Las Vegas Metropolitan Police Department (Metro). They allege that SB 241 is unconstitutional, both on its face and as applied to the Associations, as viewpoint discrimination and because it violates their rights and the rights of their members to associate under the First and Fourteenth Amendments of the United States Constitution. They further allege SB 241 violates their rights to equal protection under the Fourteenth Amendment.

The Associations now seek summary judgment on their claims (ECF No. 24), which Metro opposes (ECF No. 26). Having reviewed the pleadings and the arguments of the parties, the Court will deny the motion.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"

3

*Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Analysis

The initial issue before the Court is whether SB 241 is a content based restriction on speech, viewpoint or expression.  "[T]he crucial first step in the content-neutrality analysis [is] determining whether the law is content neutral on its face.  A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech."  *Reed v. Town of Gilbert*, __ U.S. __, 135 S. Ct. 2218, 2228 (2015) (*citing Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 429 (1993)).

Absent from the Associations' arguments is any citation to any decision finding that a similar regulation or provision constitutes a restriction on speech, expression or viewpoint.

The Associations nevertheless argue that SB 241 regulates speech because it regulates paid leave to employees performing duties for labor unions, and those duties include speech and advocacy.  The Associations conclude that SB 241 involves content discrimination because it does not preclude local government employers from funding other forms of advocacy or funding professional organizations that do advocate for employees.

The Court disagrees.  SB 241 does not concern or regulate speech.  The statute does not prohibit employee organizations from engaging in any speech, and does not preclude its members from performing their duties or services for the organizations.  Rather, employee organizations must pay for the time taken by its members to engage in providing services to the organization or performing the duties of the organization *or*, during collective bargaining, to agree to concessions satisfying this requirement.

The Associations argue that "SB 241 does not regulate local governments'

4

funding of other advocacy and does not regulate the funding of professional organizations that do not seek to improve the terms and conditions of employment.  As written, SB 241 necessarily requires local governments to distinguish the groups eligible for paid leave based on the message of the group." Even if the Court considered SB 241 to be a regulation of speech, that Nevada has not prohibited local governments from expending funds to engage in advocacy of issues unrelated to employee organizations does not establish that SB 241 is a content based regulation of speech.

In sum, the Associations' have not shown, as a matter of law, that SB 241 is a regulation of speech or a content based regulation of speech.  The Court finds that the Associations remaining arguments are without merit.  Accordingly, for good cause shown,

THE COURT **ORDERS** that the Motion for Summary Judgment (ECF No. 24) of plaintiffs the Las Vegas Police Protective Association Metro Inc. and the Las Vegas Metro Police Managers & Supervisors Association is DENIED.

DATED this 31 day of March, 2017.

_____
Lloyd D. George
United States District Judge

5