**Marquis Aurbach Coffing**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
*Attorneys for LVMPD*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAS VEGAS POLICE PROTECTIVE
ASSOCIATION METRO INC.; LAS VEGAS
POLICE MANAGERS & SUPERVISORS
ASSOCIATION,

                    Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,

                    Defendant.

Case No.:        2:15-CV-01928-LDG-CWH

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Las Vegas Metropolitan Police
Department ("LVMPD"), by and through its attorney of record, Nick D. Crosby, Esq., of the law
firm of Marquis Aurbach Coffing, hereby file its Motion for Summary Judgment. This Motion is
made and based upon the attached Memorandum of Points and Authorities, all papers and
pleadings on file herein, and any oral argument allowed at the time of the hearing.

Dated this 4 day of May, 2018.

                                    MARQUIS AURBACH COFFING


                                    By /s/ Nick D. Crosby
                                       Nick D. Crosby, Esq.
                                       Nevada Bar No. 8996
                                       10001 Park Run Drive
                                       Las Vegas, Nevada 89145
                                       *Attorneys for Defendant,*
                                       *LVMPD*

Page 1 of 11

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The Court should enter judgment in favor of the Department because there are no triable issues of law or fact remaining in the case.  On March 31, 2017, the Court issued an Order denying Plaintiffs' Motion for Summary Judgment.  The denial of summary judgment was not due to any genuine issues of material fact and, instead, was due to the fact the Court determined – as a matter of law – SB 241 was constitutional on its face and as applied.  Although the Court found all of Plaintiffs' arguments were "without merit," it did not order that the case be closed and judgment be issued in favor of the Department.  Given the Court's prior Order, summary judgment in favor of Defendant is appropriate, as no issues of material fact remain to be determined.

## II.     STATEMENT OF UNDISPUTED FACTS

The Las Vegas Metropolitan Police Department ("Department") is a local government employer.  (ECF No. 5, p. 2, ¶ 6).  The Las Vegas Police Protective Association, Inc. ("PPA") and the Las Vegas Police Managers & Supervisors Association, Inc. ("PMSA") (collectively "Plaintiffs") are local government employee organizations which represent various employees of the Department.  (Id. at ¶ 5).   For several years, Plaintiffs and the Department have had provisions in their respective collective bargaining agreements by which employees elected or designated as association representatives have received paid leave to conduct association business. (Id.)

### A.      SB 241.

In 2015, the Nevada Legislature took up issues related to collective bargaining, education and tax payer concerns.  Among the legislation addressed was SB 241, the bill at issue in the Plaintiffs' Motion for Summary Judgment.[1]   SB 241 was designed to bring increased

---

[1] True and accurate copies of records were attached to Defendant's Opposition to Motion for Summary Judgment, ECF No. 26.  Unless otherwise stated, all references to exhibits will be to those exhibits attached to ECF No. 26.  True and accurate copies of the legislative history and Senate Committee meeting minutes on SB 241 were filed as follows: ECF No. 26, **Ex. A** – April 8, 2015 Senate Committee Minutes; **Ex. B** – April 10, 2015 Senate Committee Minutes; ECF No. 26-1, **Ex. C** – May 4, 2015 Assembly Committee Minutes and **Ex. D** – May 15, 2015 Assembly Committee Minutes.

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

accountability to the public employee collective bargaining process while retaining key protections in the workplace for public employees. <u>See</u> ECF No. 26, **Ex. A**, p. 20 of 85. A marked change from the status quo was the tax payer relief identified in Section 1 and included a requirement that local government employers be reimbursed or receive a negotiated benefit if they pay for leave time for union work. <u>See</u> id. at p. 21 of 85.

SB 241 also addressed issues related to the expiring of collective bargaining agreements, the rights of certain education employees making more than $120,000.00 and the accountability of the way tax dollars are spent. <u>See</u> id. at p. 22-85. SB 241 was supported by associations of fire fighters, education employees, peace officers and other similarly situated associations. <u>See</u> ECF No. 26, **Exs. A** and **C**, *generally*. Indeed, it was recognized that parties on both sides of the table came together to develop the legislation to bring increased accountability to the public employee collective bargaining process and obtaining protections in the workplace for public employees. <u>See</u> ECF No. 26-1, **Ex. C**, pp. 18-19 of 103.

With regard to Section 1 and the payment of leave time, the Executive Director of the Clark County Education Association specifically stated:

> Finally, we think there is reasonable compromise reached on release time for an organization's officers to serve their organization but in a capacity away from the job. We do not have that luxury in the sense that our release time officers are paid by our organization, but we think that with the intent behind this language through collective bargaining, the parties would reach an agreement that essentially allows that release time, and not at the expense of the tax payer, but with the intent of doing meaningful work for both management and labor. For that reason we support this bill.

<u>See</u> id. at p. 26 of 103. Specifically, the bill was supported by the Las Vegas Police Protective Association Metro, Inc. and Southern Nevada Conference of Police and Sheriffs. <u>See</u> id. at p. 27 of 103. Ultimately, no association of any local government employees opposed SB 241 on First Amendment grounds. <u>See</u> ECF Nos. 26 and 26-1, **Exs. A – D**.

In May 2015 SB 241 was passed by the full Legislature and delivered to the Governor. As approved, Section 1of SB 241 states:

> A local government employer may agree to provide leave to any of its employees for time spent by the employee in performing duties or providing services for an employee organization if the full cost of such leave is paid or reimbursed by the employee organization or is offset by the value of the concessions made by the

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

employee organization in the negotiation of an agreement with the local government employer pursuant to this chapter.[2]

In June, 2015 SB 241 was approved by the Governor and became law in Nevada. See ECF No. 26-1, **Ex. E**.

## B.    THE AMENDED COMPLAINT.

In the First Amended Complaint, filed October 8, 2015, Plaintiffs asserted three causes of action, to wit: (1) First and Fourteenth Amendment violations for viewpoint discrimination; (2) First and Fourteenth Amendment violations related to freedom of association; and (3) Fourteenth Amendment violation for Equal Protection.  (ECF No. 5).  In essence, the Plaintiffs argue SB 241 is unconstitutional because it threatens the Plaintiffs with a reduction in advocacy and does not pose the same threat to non-employee advocate groups.  (Id.)

## C.    THE COURT'S ORDER ON SUMMARY JUDGMENT.

On April 20, 2016, the Plaintiffs filed a Motion for Summary Judgment.  (ECF No. 24). The Department opposed the Motion on May 26, 2016.  (ECF No. 26).  On March 31, 2017, the Court issued its order on Plaintiff's Motion for Summary Judgment.  (ECF No. 30).  In the Order, the Court concluded, as a matter of law, that SB 241 is not a content based regulation of speech. (ECF No. 30, p. 5:8-9).  Specifically, the Court found:

> Absent from the Associations' arguments is any citation to any decision finding that a similar regulation or provision constitutes a restriction on speech, expression or viewpoint.

> The Associations nevertheless argue that SB 241 regulates speech because it regulates paid leave to employees performing duties for labor unions, and those duties include speech advocacy.  The Associations conclude that SB 241 involves content discrimination because it does not preclude local government employers from funding other forms of advocacy or funding professional organizations that do advocate for employees.

> The Court disagrees.  SB 241 does not concern or regulate speech.  The statute does not prohibit employee organizations from engaging in any speech, and does not preclude its members from performing their duties or services for the organizations….

> The Associations argue that "SB 241 does not regulate local governments' funding of other advocacy and does not regulate the funding of professional organizations that do not seek to improve the terms and conditions of

---

[2] See SB 241 As Enrolled attached as **Ex. E**.

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  employment.   As written, SB 241 necessarily requires local governments to
   distinguish the groups eligible for paid leave based on the message of the group."
2  Even if the Court considered SB 241 to be a regulation of speech, that Nevada has
   not prohibited local governments from expending funds to engage in advocacy of
3  issues unrelated to employee organizations does not establish that SB 241 is a
   content based regulation of speech.
4
   (ECF No. 30, pp. 4-5).   After concluding, as a matter of law, that SB 241 is constitutional, the
5
   Court added:
6
       The Court finds that the Associations (sic) remaining arguments are without
7      merit.

8  (Id. at p. 5:9-10).   The Court denied the Motion for Summary Judgment in its entirety.   Notably,

9  the Court based its denial of summary judgment as a matter of law, rather than due the existence

10 of any genuine issues of material fact.   (See gen., ECF No. 30).

11     Although it was apparent no issues of fact or law remain regarding Plaintiffs' claims in

12 light of the Order on Plaintiffs' Motion for Summary Judgment, the Court did not enter judgment

13 in favor of the Department or otherwise close the case.   On March 13, 2018, the Parties appeared

14 before the Honorable Magistrate Judge Carl Hoffman and, as a result of that hearing, the Parties

15 submitted a stipulation allowing the Department to file a motion for summary judgment, which

16 was approved by the Court on March 22, 2018.   (ECF No. 39).

17 **III.   LEGAL ARGUMENT**

18     **A.   SUMMARY JUDGMENT STANDARD.**

19     Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

20 and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

21 to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

22 Civ. P. 56(c). As to this rule, the Supreme Court has stated:

23         In our view, the plain language of Rule 56(c) mandates the entry of
           summary judgment, after adequate time for discovery and upon
24         motion, against the party who fails to make his showing to
           establish the existence of an element essential to that party's case,
25         and on which that party will bear the burden of proof.

26 See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

27     The moving party has the initial burden of showing the absence of a genuine issue of

28 material fact.   See Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982).   An issue is

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

only "genuine" if the evidence is such that a reasonable jury, applying the applicable quantum of proof, could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Whether a fact is "material depends on the substantive law and whether the fact affects the outcome of the lawsuit." (Id.)

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  Adickes v. S.H. Kress & Co., 398 U.S. (1970).  Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial.  Anderson at 250.  The court in Anderson also held that if the evidence presented in the opposing affidavits is of insufficient caliber or quantity then no genuine issue of material fact is raised.  (Id. at 254).  Further, if the factual context makes the respondent's claim implausible, then the party must come forward with more persuasive evidence then would otherwise be necessary to show there is a genuine issue for trial. Celotex at 324.  The parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials.  Affidavits that do not affirmatively demonstrate personal knowledge are insufficient.  British Airways Bd. v. Boeing, Co., 585 F. 2d 946, 952 (9th Cir. 1978).  Finally, Rule 56(f) permits the Court to grant summary judgment *sua sponte*.

## IV.   **LEGAL ARGUMENT**

### A.   **THERE ARE NO ISSUES TO BE TRIED.**

In light of the Court's Order on Plaintiffs' Motion for Summary Judgment, there are no issues to be tried.  Indeed, the Court already ruled, as a matter of law, that SB 241 does not pose an unconstitutional threat to speech.  Specifically, the Court found SB 241 "does not concern speech or regulate speech." (ECF No. 30, p. 4:19).  The Court also concluded SB 241 "does not prohibit employee organizations from engaging in speech, and does not preclude its members from performing their duties or services for the organizations." (Id. at p. 5:19-21).  In reaching these conclusions – as a matter of law – the Court left no matter to be tried regarding Plaintiff's

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

First and Second Causes of Action.  As such, summary judgment in favor of the Department on Plaintiffs' First and Second Causes of Action is appropriate.

Regarding the Equal Protection claim (Third Cause of Action), Plaintiffs rely, again, on their allegations of facial and as applied unconstitutionality of SB 241 and the allegation that the statute provides a selective ban on public spending for employee advocacy.  (See ECF No. 5, ¶¶ 9, 22-24).  Again, there is no issue to be tried with respect to the Equal Protection cause of action, as this Court already "disagreed" with Plaintiffs' arguments in this respect (id. at p. 4:14-18) and ruled that, as a matter of law, the statute does not regulate speech or otherwise afoul of the Constitution.  (See id. at pp. 4-5).  Because the Court reached these conclusions as a matter of law and denied Plaintiffs' Motion for Summary Judgment on substantive, legal grounds, rather than because genuine issues of material fact existed, there is no issue to be tried before a fact finder and, therefore, summary judgment in favor of the Department is warranted.

## B.  PLAINTIFFS LACK STANDING TO ASSERT AN EQUAL PROTECTION CLAIM.

Even if the Court had not issued its Order concluding SB 241 is constitutional, as applied and on its face, Plaintiffs do not have standing to assert an Equal Protection claim.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting U.S. Const. Amend. XIV; citing Plyer v. Doe, U.S. 202, 216 (1982)).  "To state a claim under 42 U.S.C. §1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff  based upon membership in a protected class."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  Union members are not a protected class for equal protection purposes.  See Lyng v. UAW, 485 U.S. 360 (1988); Charlotte v. Firefighters, 426 U.S. 283, 286 (1976); Image Carrier Corp. v. Beame, 567 F.2d 1197 (2d Cir. 1977); Sweeney v. Pence, 767 F.3d 654, 669 (7th Cir. 2014).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Although the Court already determined all of Plaintiffs' claims were "without merit," even if it had not found SB 241 unconstitutional, Plaintiffs' Equal Protection claim fails as a matter of law because the Plaintiffs do not have standing to raise an Equal Protection claim. Plaintiffs are not a protected or suspect class pursuant to an equal protection analysis. As such, Plaintiffs were not entitled to seek equal protection and have no basis for standing to even raise a claim.

### C.   THE PARTIES' CURRENT COLLECTIVE BARGAINING AGREEMENTS RENDER ANY CLAIM FOR INJUNCTIVE RELIEF MOOT.

"The Supreme Court has stated that the duty of a federal court 'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the mater in issue in the case before it." Williams v. Alioto, 549 F.2d 136, 140 (9th Cir. 1977)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969)(citing E. Borchard, Declaratory Judgments 35-37 (2d ed. 1941)).

The Amended Complaint sought a temporary restraining order, a preliminary injunction and a declaratory order that SB 241 is unconstitutional. (See ECF No. 5 at p. 6). Since the filing of the Amended Complaint and the Order denying summary judgment, the Parties entered into new collective bargaining agreements. (See **Exhibits F** and **G**)[3]. In the PPA's Agreement, the PPA and the Department agreed:

*5.5 Full-Time Association Positions.*

…

In compliance with SB241, enacted into law June 1, 2015, the Association will make the following concessions for the full cost of seven (7) full-time employee positions as well as up to 1,000 hours of union leave per year. These current concessions include:

---

[3] The Department only included the relevant pages of the Collective Bargaining Agreements.

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1.  Article 10.12 Cash out, will contain a third column, amending the sick leave cash out for officers hired after the ratification of this contract.

2.  The Association will reimburse the Department for one (1) full-time position of the Association's choice.

3.  The Association agrees to remove the following contract language in Article 5.5 "[o]ne full time employee representative for every 400 employees in the bargaining unit."

4.  The Association agrees to reduce the number of full time employee positions from eighth (8) to seven (7).

This concession will satisfy the requirements of SB 241 until and unless the law is amended, repealed, or held unconstitutional.  Should the Association decide to maintain more than seven (7) full-time representatives; (sic) the Association will be required to reimburse the Department for all positions above the allotted seven (7).

(**Ex. F**, Art. 5.5).   The PMSA collective bargaining agreement also contains an agreement regarding paid leave time and compliance with SB 241:

*5.5 Association Positions.*

…

In compliance with SB241, enacted into law June 1, 2015, the Association will make the following concessions for the full cost of two (2) full-time employee positions as well as up to 400 hours of association (sic) leave per year.  These current concessions include:

1.  Article 10.12 Cash Out, will amend the sick leave cash out for employees hired after ratification of this contract.

2.  The Association will reimburse the Department for $38,500, per year, of one (1) full-time position of the Association's choice.

This concession will satisfy the requirements of SB 241 until and unless the law is amended, repealed, or held unconstitutional.

(**Ex. G**, Art. 5.5).

In the Court's Order denying summary judgment for Plaintiffs, it specifically stated:

The Court disagrees.  SB 241 does not concern or regulate speech.  The statute does not prohibit employee organizations from engaging in any speech, and does not preclude its members from performing their duties or services for the organizations.  Rather, employee organizations must pay for the time taken by its members to engage in providing services to the organization or performing the duties of the organization *or*, **during collective bargaining, to agree to concessions satisfying this requirement.**

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   (ECF No. 30, p. 4:19-24)(**bold** emphasis added; *italic* emphasis in original).   As the Court can

2   see, the Parties reached an agreement regarding the very issue presented in this case, such that

3   there is no "live" controversy for which injunctive relief is needed.   Moreover, the Court already

4   ruled against Plaintiffs regarding their requested declaratory relief *vis a vis* the constitutionality

5   of SB 241.   Again, there are no triable facts remaining.

6   **V.     CONCLUSION**

7          Given the foregoing, the Defendant respectfully requests the Court grant this Motion for

8   Summary Judgment in its favor.   Given the Court's Order on the Plaintiffs' Motion for Summary

9   Judgment, it is clear there are no triable issues remaining in the case and, as such, the Defendant

10   is entitled to judgment in its favor.

11          Dated this **4** day of May, 2018.

12

13                                          MARQUIS AURBACH COFFING

14

15                                  By /s/ Nick D. Crosby
                                        Nick D. Crosby, Esq.
16                                      Nevada Bar No. 8996
                                        10001 Park Run Drive
17                                      Las Vegas, Nevada 89145
                                        *Attorneys for Defendant,*
18                                      *LVMPD*

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the ⎍ day of May, 2018.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Richard G. McCracken, Esq.
Paul L. More, Esq.
Kimberley C. Weber, Esq.
McCracken, Stemerman & Holsberry
1630 So. Commerce Street, Suite A-1
Las Vegas, NV 89102
Attorneys for Plaintiff

An employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 11 of 11

MAC:05166-893 3365771_1 5/4/2018 12:56 PM

# Exhibit "F"

Collective Bargaining Agreement
Between LVMPD and LVPPA
(July 1, 2016-June 30, 2019

# COLLECTIVE BARGAINING AGREEMENT

between

# Las Vegas Metropolitan Police Department

&

# LAS VEGAS POLICE PROTECTIVE ASSOCIATION

July 1, 2016 – June 30, 2019

# Table of Contents

PREAMBLE ............................................................................................................ 1

ARTICLE 1 - RECOGNITION ........................................................................... 1

ARTICLE 2 - SCOPE OF AGREEMENT............................................................ 1

    2.1 Bargaining Unit............................................................................................ 1

    2.2 List of Eligible Classes. ............................................................................. 1

ARTICLE 3 - DEFINITIONS................................................................................ 2

ARTICLE 4 - ASSOCIATION SECURITY ......................................................... 2

    4.1 Check Off..................................................................................................... 2

    4.2 Hold Harmless. ........................................................................................... 2

    4.3 Errors.......................................................................................................... 2

    4.4 Notice of Investigatory Interviews.............................................................. 2

ARTICLE 5 - ASSOCIATION BUSINESS .......................................................... 4

    5.1 Leave Hours. ............................................................................................... 4

    5.2 Limits on Use. ............................................................................................. 4

    5.3 Association Authorization........................................................................... 4

    5.4 Application for Leave. ................................................................................. 4

    5.5 Full-Time Association Positions. ................................................................ 4

    5.6 Duties of Compensated Representatives...................................................... 4

    5.7 Bulletin Boards. .......................................................................................... 5

    5.8 Access to Briefings. .................................................................................... 5

ARTICLE 6 - STRIKES AND LOCKOUTS........................................................ 5

    6.1 Strike. .......................................................................................................... 5

    6.2 Lockout. ...................................................................................................... 5

ARTICLE 7 - MANAGEMENT RIGHTS ........................................................... 5

ARTICLE 8 - HOLIDAYS .................................................................................... 6

    8.1 Recognized Days. ........................................................................................ 6

    8.2 Weekend Holidays. ..................................................................................... 6

    8.3 Eligibility..................................................................................................... 6

    8.4 Holiday Work............................................................................................... 7

    8.5 Holiday Compensation................................................................................ 7

    8.6 Day Off Work............................................................................................... 7

    8.7 Compensation Options................................................................................ 7

ARTICLE 9 - VACATION LEAVE .................................................................................... 7

    9.1 Purpose. .................................................................................................................... 7

    9.2 Accrual. ..................................................................................................................... 7

    9.3 Accumulation. ........................................................................................................... 7

    9.4 Approval. ................................................................................................................... 8

    9.5 Advance Leave. ......................................................................................................... 8

    9.6 Death of Employee. ................................................................................................... 8

    9.7 Sellback. .................................................................................................................... 8

    9.8 Professional Leave Days. ........................................................................................... 8

ARTICLE 10 - SICK LEAVE ......................................................................................... 9

    10.1 Accrual. ................................................................................................................... 9

    10.2 Pay. ......................................................................................................................... 9

    10.3 Utilization. ............................................................................................................... 9

    10.4 Approval/Notice. ..................................................................................................... 9

    10.5 Immediate Family. ................................................................................................... 9

    10.6 Family and Medical Leave. ....................................................................................... 9

    10.7 Reporting Requirements. .......................................................................................... 9

    10.8 Residence Requirement. ......................................................................................... 10

    10.9 Abuse or Excessive Use. ........................................................................................ 10

    10.10 Bonus Time. ......................................................................................................... 10

    10.11 Sick Buyback. ...................................................................................................... 10

    10.12 Cash Out. ............................................................................................................. 10

    10.13 Death. .................................................................................................................. 12

    10.14 Bridged Time. ...................................................................................................... 12

ARTICLE 11 - SPECIAL LEAVES ............................................................................... 12

    11.1 Military Leave. ....................................................................................................... 12

    11.2 Leave Without Pay. ................................................................................................ 13

    11.3 Maternity/Paternity Leave. ...................................................................................... 14

    11.4 Application and Examination Leave. ......................................................................... 14

    11.5 Catastrophic Leave. ................................................................................................ 14

ARTICLE 12 - GRIEVANCE PROCEDURE ................................................................. 15

    12.1 Grievance Procedure. ............................................................................................. 15

        (A) Purpose. ............................................................................................................. 15

        (B) Definition. .......................................................................................................... 15

        (C) Representation. ................................................................................................... 16

(D) Process. ............................................................................................... 16

(E) Resolution. ......................................................................................... 20

(F) Time Limits. ....................................................................................... 20

(G) Documentation. ................................................................................. 20

ARTICLE 13 - COMPENSATION ................................................................ 20

13.1 Salaries. ........................................................................................... 20

Funding. ................................................................................................. 21

13.2 Assignment Differential Pay. ......................................................... 21

13.3 Longevity. ...................................................................................... 22

13.4 Jury/Court Pay. .............................................................................. 22

Jury. ....................................................................................................... 22

On-Duty Court ....................................................................................... 22

Off-Duty Court ...................................................................................... 22

13.5 Retirement. ..................................................................................... 23

13.6 Shift Differential. ........................................................................... 23

13.7 Spanish Pay. ................................................................................... 23

13.8 K-9 Pay. .......................................................................................... 23

13.9 Education Incentive. ....................................................................... 23

13.10 Acting Pay. ................................................................................... 24

13.11 Field Training Officer Pay. ........................................................... 24

ARTICLE 14 - CLOTHING/EQUIPMENT ALLOWANCE ......................... 24

14.1 Clothing and Equipment Allowance. ............................................. 24

14.2 Entitlement. .................................................................................... 25

ARTICLE 15 - HEALTH & WELFARE BENEFITS .................................... 25

15.1 Health Insurance. ........................................................................... 25

15.2 Contributions. ................................................................................ 25

15.3 Deductions. ..................................................................................... 25

15.4 Flexible Spending Account. ........................................................... 25

15.5 Employee Benefit Trust (EBT). ..................................................... 25

ARTICLE 16 - DISABILITY ........................................................................ 26

16.1 Service Connected. ......................................................................... 26

16.2 Compensation Integration. ............................................................. 26

16.3 Sick Leave Utilization. ................................................................... 26

16.4 Compliance with Administrative Procedures. ................................ 26

16.5 Hours Computation. ....................................................................... 26

ARTICLE 17 - REDUCTION IN FORCE ............................................................. 26

    17.1 Notice to Association. ................................................................ 26

    17.2 Provisions. .......................................................................... 26

    17.3 Seniority Lists. ...................................................................... 28

    17.4 Specialized Assignments ........................................................... 28

ARTICLE 18 - HOURS ............................................................................ 28

    18.1 Work Week. .......................................................................... 28

    18.2 Tour of Duty. ........................................................................ 28

    18.3 Tour of Duty Change. ............................................................... 28

    18.4 Overtime. ............................................................................. 28

        Compensatory Time. ............................................................... 29

    18.5 Callback. ............................................................................. 30

ARTICLE 19 - SENIORITY ....................................................................... 31

    19.1 Definition. ............................................................................ 31

    19.2 Bridging Time. ....................................................................... 31

    19.3 Application. .......................................................................... 31

ARTICLE 20 - ACCIDENT PREVENTION BANK ............................................... 34

    20.1 Accident Prevention Bank. ......................................................... 34

    20.2 Accrual and Use of Hours. ......................................................... 34

ARTICLE 21 - LABOR/MANAGEMENT COMMITTEE .......................................... 34

    21.1 Meetings. ............................................................................. 34

    21.2 Purpose. .............................................................................. 34

    21.3 Notice to Supervisors. .............................................................. 35

    21.4 Compensation. ...................................................................... 35

    21.5 Resolutions. ......................................................................... 35

ARTICLE 22 - DUTY WEAPON ................................................................... 35

    22.1 Maintenance. ........................................................................ 35

    22.2 Replacement. ........................................................................ 35

    22.3 Stock. ................................................................................. 35

ARTICLE 23 - TRANSFERS ....................................................................... 35

ARTICLE 24 - RANDOM DRUG TESTING ....................................................... 35

    24.1 Parameters. .......................................................................... 35

    24.2 Voluntary Identification. ............................................................ 36

ARTICLE 25 - GENERAL PROVISIONS .......................................................... 36

    25.1 Savings Clause. ...................................................................... 36

25.2 Contract/Civil Service Rule Duplication. ........................................................................... 36

25.3 Personnel Files. ...................................................................................................................... 36

    Employee Access. ....................................................................................................................... 36

    Employee Copies. ....................................................................................................................... 36

    Rebuttal  Statement. ................................................................................................................... 37

    Access by Others. ....................................................................................................................... 37

    Purging. ........................................................................................................................................ 37

    Notice of Placement of Item in File. ....................................................................................... 38

    Official File. .................................................................................................................................. 38

    Information Contained in File. .................................................................................................. 38

25.4 Performance Appraisals. ....................................................................................................... 38

25.5 Legal Representation. ............................................................................................................ 39

25.6 Body Worn Cameras (BWC) ................................................................................................ 39

ARTICLE 26 - TERM OF AGREEMENT .................................................................................... 40

ATTACHMENT A  Salary Schedules ............................................................................................. 41

ATTACHMENT B  NRS 289.010 through 289.120 ...................................................................... 42

# ARTICLE 5 - ASSOCIATION BUSINESS

***5.1 Leave Hours.*** The Department agrees to provide 1000 hours each fiscal year, accumulative for the duration of this contract, for the use of PPA members to conduct Association business associated with the administration of the collective bargaining agreement which is inclusive of representation of bargaining unit employees and including day-to-day operations, i.e., conventions, seminars, training, and lobbying during the legislative session. Once the maximum yearly hours are exceeded, vacation leave will be used.

***5.2 Limits on Use.*** No more than one individual from a section/unit/squad may use Association leave at any given time. Exceptions may be granted by the Sheriff/designee.

***5.3 Association Authorization.*** The Executive Director, or his designee, will determine the use of Association leave.

***5.4 Application for Leave.*** Members relieved from duty for purposes listed above will submit LVMPD 2 (Application for Leave) or an electronic leave slip through Employee Self Service (ESS) through the chain of command to Payroll. The application for leave will indicate the hours absented are for Association business.

***5.5 Full-Time Association Positions.*** The Association will be allowed to maintain seven (7) full-time representatives. Such positions will be filled by appointment of the Executive Director and confirmation of the LVPPA Board of Directors. The LVPPA Board of Directors may also elect to reimburse the Department for hours used beyond the hours defined in 5.1 for one additional full-time position.

Employees who are assigned to the Association full time after July 1, 2009, will be entitled to ADP. Upon completion of the term, the Executive Director, Assistant Executive Director(s), and full time representatives shall return to the previously held classification, position, and work assignment within the Department, or any successor position such members would have been reclassified had they not been serving in this capacity. Seniority will apply as if the member remained in that assignment. Members serving in a full time capacity shall be assigned to the Office of the Deputy Chief, Professional Standards Division. The Deputy Chief will be informed of all annual, sick, and/or other leaves used by the members serving in a full-time capacity.

In compliance with SB241, enacted into law June 1, 2015, the Association will make the following concessions for the full cost of seven (7) full-time employee positions as well as up to 1,000 hours of union leave per year. These current concessions include:

1. Article 10.12 Cash Out, will contain a third column, amending the sick leave cash out for officers hired after the ratification of this contract.

2. The Association will reimburse the Department for one (1) full-time position of the Association's choice.

3. The Association agrees to remove the following contract language in Article 5.5 "[o]ne full time employee representative for every 400 employees in the bargaining unit."

4. The Association agrees to reduce the number of full time employee positions from eight (8) to seven (7).

This concession will satisfy the requirements of SB 241 until and unless the law is amended, repealed, or held unconstitutional. Should the Association decide to maintain more than seven (7) full-time representatives; the Association will be required to reimburse the Department for all positions above the allotted seven (7).

***5.6 Duties of Compensated Representatives.*** The representatives so elected or appointed shall devote the full time provided by the Department to matters of collective bargaining or representation for Las Vegas Metropolitan Police Department's commissioned employees. Any time devoted by the representatives to employees of any other entity must be on other than the hours provided by the Department for this position.

## ARTICLE 26 - TERM OF AGREEMENT

This Agreement shall become effective as of July 1, 2016, except as otherwise set out in the agreement or as directed by the interest arbitration process and shall be effective through June 30, 2019. This agreement shall remain in full force and effect during negotiations for a successor agreement with the exception of any increase in compensation that is inconsistent with any Nevada law.  Retroactivity provided herein shall only apply to employees of the Department as of the date of the signing of this agreement.

For the Department

Joseph Lombardo
Sheriff

For the Association

Steve Grammas
Executive Director

For the Fiscal Affairs Committee

William McBeath
Chair

# Exhibit "G"

Police Managers' & Supervisors'
Association & LVMPD
Collective Bargaining Agreement
(July 1, 2016-June 30, 2019

PMSA

# Police Managers' & Supervisors' Association

# &

# Las Vegas Metropolitan Police Department

# Collective Bargaining Agreement

**July 1, 2016 – June 30, 2019**

# Table of Contents

ARTICLE 1 - RECOGNITION .................................................................................1
ARTICLE 2 - SCOPE OF AGREEMENT ..............................................................1
  2.1 Bargaining Unit. ............................................................................................1
  2.2 List of Eligible Classes .................................................................................1
ARTICLE 3 - DEFINITIONS .................................................................................1
ARTICLE 4 - ASSOCIATION SECURITY .........................................................1
  4.1 Check Off ......................................................................................................1
  4.2 Hold Harmless ..............................................................................................1
  4.3 Errors ............................................................................................................2
ARTICLE 5 - ASSOCIATION RIGHTS ..............................................................2
  5.1 Leave Hours ..................................................................................................2
  5.2 Limits on Use ................................................................................................2
  5.3 Association Authorization .............................................................................2
  5.4 Application for Leave ....................................................................................2
  5.5 Association Positions .....................................................................................2
  5.6 Investigative Procedures ...............................................................................2
  5.7 Discipline ......................................................................................................4
  5.8 Access to Briefings. ......................................................................................5
ARTICLE 6 - STRIKES AND LOCKOUTS ........................................................5
  6.1 Strike ............................................................................................................5
  6.2 Lockout .........................................................................................................5
ARTICLE 7 - MANAGEMENT RIGHTS .............................................................5
ARTICLE 8 - HOLIDAYS .....................................................................................7
  8.1 Designated Days ...........................................................................................7
  8.2 Weekend Designations ..................................................................................7
  8.3 Eligibility ......................................................................................................7
  8.4 Holiday Work ................................................................................................7
  8.5 Holiday Compensation ..................................................................................7
  8.6 Pay Option ....................................................................................................8
ARTICLE 9 - VACATION .....................................................................................8
  9.1 Purpose .........................................................................................................8
  9.2 Accrual ..........................................................................................................8
  9.3 Accumulation ................................................................................................8
  9.4 Approval Process ...........................................................................................8

9.5 Advance Leave ............................................................................................. 8

9.6 Sellback ..................................................................................................... 9

9.7 Death of Employee ....................................................................................... 9

9.8 Professional Leave Days. ............................................................................... 9

**ARTICLE 10 - SICK LEAVE** ................................................................................. **9**

10.1 Accrual ..................................................................................................... 9

10.2 Pay .......................................................................................................... 9

10.3 Utilization .................................................................................................. 9

10.4 Approval/Notice ......................................................................................... 10

10.5 Immediate Family. ...................................................................................... 10

10.6 Family and Medical Leave ............................................................................ 10

10.7 Reporting Requirements .............................................................................. 10

10.8 Open ........................................................................................................ 10

10.9 Open ........................................................................................................ 10

10.10 Bonus Time. ............................................................................................. 10

10.11 Payment Limitation ................................................................................... 11

10.12 Payout .................................................................................................... 11

10.13 Death Benefit .......................................................................................... 11

**ARTICLE 11 - SPECIAL LEAVES** ........................................................................ **12**

11.1 Military Leave ........................................................................................... 12

11.2 Open ....................................................................................................... 12

11.3 Maternity/Paternity. ................................................................................... 12

11.4 Application and Examination Leave. ............................................................... 13

**ARTICLE 12 - GRIEVANCE PROCEDURE** .............................................................. **14**

12.1 Grievance Procedure .................................................................................. 14

12.2 Time Limits ............................................................................................... 17

**ARTICLE 13 - COMPENSATION** .......................................................................... **18**

13.1 Salary ...................................................................................................... 18

13.2 Assignment Differential Pay ......................................................................... 18

13.3 Longevity. ................................................................................................. 19

13.4 Jury/Court Pay ........................................................................................... 19

13.5 Retirement Contributions ............................................................................. 20

13.6 Shift Differential ........................................................................................ 20

13.7 Overtime .................................................................................................. 20

13.8 Callback ................................................................................................... 21

13.9 Education Incentive ..................................................................... 22
13.10 Acting Pay ............................................................................... 22
13.11 Field Training Pay ..................................................................... 22
13.12 Spanish Pay ............................................................................ 23
**ARTICLE 14 - CLOTHING/EQUIPMENT ALLOWANCE** ......................... **23**
**ARTICLE 15 - MEDICAL BENEFITS** ............................................... **23**
15.1 Insurance. ............................................................................... 23
15.2 Department Contribution ............................................................ 23
15.3 Deductions .............................................................................. 24
15.4 Flexible Spending Account .......................................................... 24
15.5 Employee Benefit Trust Fund ...................................................... 24
**ARTICLE 16 - DISABILITY** ......................................................... **24**
16.1 Service Connected .................................................................... 24
16.2 Compensation .......................................................................... 25
16.3 Sick Leave Utilization ................................................................ 25
16.4 Vacation Leave Utilization ......................................................... 25
16.5 Hours Computation ................................................................... 25
16.6 Eligibility Requirements ............................................................. 25
**ARTICLE 17 - REDUCTION IN FORCE** ......................................... **25**
17.1 Notice ................................................................................... 25
17.2 Provisions/Restrictions .............................................................. 25
17.3 Seniority Lists .......................................................................... 26
17.4 Reinstatement ......................................................................... 26
**ARTICLE 18 - HOURS** ............................................................... **27**
18.1 Work Schedule ......................................................................... 27
18.2 Tour of Duty ............................................................................ 27
18.3 Tour of Duty Change .................................................................. 27
18.4 Meetings ................................................................................ 27
18.5 Daylight Savings Time ................................................................ 27
**ARTICLE 19 - SENIORITY** ......................................................... **28**
19.1 Utilization ............................................................................... 28
19.2 Bid Procedure for Patrol and Detention ........................................ 28
19.3 Open Positions in Patrol/Detention. ............................................. 29
19.4 Disputes Regarding the Bid Process/Open Positions ........................ 31
19.5 Non-Bid Lieutenant Positions ...................................................... 31

**ARTICLE 20 - ACCIDENT PREVENTION BANK** ....................................................................**31**
   20.1 Accident Prevention Bank ....................................................................................31
   20.2 Accrual and Use of Hours ...................................................................................31
**ARTICLE 21 – DUTY WEAPON** .......................................................................................**31**
   21.1 Maintenance ........................................................................................................31
   21.2 Replacement ........................................................................................................31
   21.3 Stock ...................................................................................................................31
**ARTICLE 22 – TRANSFERS** ............................................................................................**32**
**ARTICLE 23 – DRUG TESTING** ......................................................................................**33**
   23.1 Parameters ..........................................................................................................33
   23.2 Voluntary Identification ......................................................................................33
   23.3 Drug and Alcohol Testing ...................................................................................33
**ARTICLE 24 - GENERAL PROVISIONS** ........................................................................**34**
   24.1 Savings Clause ....................................................................................................34
   24.2 Contract/Civil Service Rule Duplication .............................................................34
   24.3 Personnel Files ....................................................................................................34
   24.4 Body Worn Cameras (BWC) ..............................................................................35
**ARTICLE 25 - TERM OF AGREEMENT** ........................................................................**36**
**APPENDIX A - SALARY SCHEDULE** .............................................................................**37**

The Department will not be required to honor any bi-weekly deduction authorizations that are delivered to the Payroll Section after the beginning of the pay period during which the deductions should start.

*4.3 Errors.* The PMSA agrees to refund to the Department any monies paid to it in error on account of the payroll deduction provisions herein upon presentation of proper evidence thereof.

# ARTICLE 5 - ASSOCIATION RIGHTS

*5.1 Leave Hours.* The Department agrees to provide 400 hours each fiscal year, accumulative for the duration of this contract, for the use of PMSA members to conduct Association business associated with the administration of the collective bargaining agreement which is inclusive of representation of bargaining unit employees and including day to day operations, i.e., conventions, seminars, training, and lobbying during the legislative session. Once the maximum yearly hours are exceeded, annual leave will be used.

*5.2 Limits on Use.* The PMSA agrees not to exceed six (6) individuals request for PMSA leave at one time and under normal circumstances, no two of the six individuals can be from the same unit or section of the Department unless authorized by the Bureau Commander.

*5.3 Association Authorization.* The Chairman, or his designee, will determine the use of PMSA leave.

*5.4 Application for Leave.* Members who have been authorized to be relieved from duty for the purposes above will submit LVMPD 2 (Application for Leave) or electronic leave slip through Employee Self-Service (ESS) through the chain of command to Payroll. The application for leave will indicate the hours absent are for PMSA business.

*5.5 Association Positions.* The Association will also be entitled to adopt two (2) full-time positions with an additional 400 hours for the above describe use. One of the full-time positions will be from the sergeant rank. This limitation to the sergeant classification will be fixed and an assigned sergeant will not have the ability to promote in place. In the event an assigned sergeant promotes to lieutenant, the employee will be removed from the Association assignment upon date of promotion. In the event a full-time person is appointed to serve, he/she shall not suffer any loss of pay and will be entitled to return immediately to the assignment they left if the assignment still exists.

*Annotation: It is understood if a Captain serves as the Chairperson of the Association, the person may not fill a full-time association position as allowed above.*

In compliance with SB241, enacted into law June 1, 2015, the Association will make the following concession for the full cost of two (2) full-time employee positions as well as up to 400 hours of association leave per year. These current concessions include:

1. Article 10.12 Cash Out, will amend the sick leave cash out for employees hired after ratification of this contract.

2. The Association will reimburse the Department for $38,500, per year, of one (1) full-time position of the Association's choice.

This concession will satisfy the requirements of SB 241 until and unless the law is amended, repealed, or held unconstitutional.

*5.6 Investigative Procedures* – Labor Relations and the Association will conduct mandatory training regarding the investigative procedures set out below. This training will be for all commissioned supervisors and OIA investigators upon implementation. Thereafter, every new supervisor and OIA investigator will receive this training as well.

# ARTICLE 25 - TERM OF AGREEMENT

This Agreement shall become effective as of July 1, 2016, unless otherwise specified herein, and shall be effective through June 30, 2019. This agreement shall remain in full force and effect during negotiations for a successor agreement with the exception of any increase in compensation that is inconsistent with any Nevada law. Retroactivity provided herein shall only apply to employees of the Department as of the date of the signing of this agreement.

This agreement is entered into on this the 26th day of September 2016, by the Las Vegas Metropolitan Police Department and the Police Managers & Supervisors Association.

For the Department

Joseph Lombardo
Sheriff

For the Association

John Faulis
Chairman

For the Fiscal Affairs Committee

William McBeath
Chairman